*United States v. Morrow*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of June, two thousand fifteen.

PRESENT: RICHARD C. WESLEY,
             PETER W. HALL,
             SUSAN L. CARNEY,
                         *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                         *Appellee,*

        -v.-                                        No. 14-259

FRANK R. MORROW,

                         *Defendant - Appellant.*

_____

FOR APPELLANT:        Gwen M. Schoenfeld, Law Office of Gwen M.
                      Schoenfeld, LLC, New York, NY.

FOR APPELLEE:     Emily Berger, Michael P. Canty, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Bianco, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment and sentence of the district court be and hereby are **AFFIRMED**.

Defendant-Appellant Frank Morrow appeals from the district court's imposition of a two-year term of imprisonment based on Morrow's violation of the terms of his supervised release.[1]  After considering the factors set forth in specific subsections of section 3553, a district court may revoke a defendant's term of supervised release and sentence the defendant to a term of imprisonment.  18 U.S.C. § 3583(e)(3).  "Sections 3553(a)(1), (a)(2)(B), and (a)(2)(C), which are among the sections the court is expressly required to consider, provide that

---

[1] "Substantive reasonableness is . . . reviewed for abuse of discretion[.]"  *United States v. Desnoyers*, 708 F.3d 378, 385 (2d Cir. 2013).  Our review for substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

[t]he court in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed--

. . . .

(B) to afford adequate deterrence to criminal conduct; [and]

(C) to protect the public from further crimes of the defendant . . . ."

*United States v. Williams*, 443 F.3d 35, 48 (2d Cir. 2006) (quoting 18 U.S.C. § 3553(a)).  This list of considerations is not exhaustive.  *Id.* at 47-48.  "[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  U.S.S.G. Ch. 7, Pt. A (Introduction), ¶ 3(b).

Here, Morrow argues that his sentence of incarceration is substantively unreasonable principally because his violation for possession of stolen property was non-violent and the court relied too heavily on Morrow's criminal history.[2] The sentencing transcript reveals that the district court placed Morrow's criminal history in the larger context of Morrow's breach of the court's trust and the court's obligations to society.  As the court noted, Morrow's criminal record is

---

[2] Since Morrow did not present an argument about why the new three-year term of supervised release is substantively unreasonable, we conclude that this issue is abandoned.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

3

extensive, and Morrow's decision to act as a getaway driver for a home burglary is "a serious offense in terms of Mr. Morrow's breach of trust, with respect to the conditions of supervised release.  He displayed an inability to be a law-abiding member of society and to follow the terms of his supervision."  J.A. at 142.  The court explained that Morrow's "slip[] up[s]" endanger society.  J.A. at 143.  The court appropriately considered the need to protect society and specific deterrence in fashioning Morrow's sentence, and both of these factors, in combination with Morrow's long criminal history, support a sentence that is higher than the policy statement's range.  In sum, Morrow's sentence is not substantively unreasonable.

For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4